UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER McLEES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 489 ACL |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This is an action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA") determination that *pro se* Plaintiff Christopher McLees was overpaid Disability Insurance Benefits and Disabled Child's Insurance Benefits, and was not entitled to a waiver of recovery of the overpayment.

### I. Procedural History

On July 28, 2003, the Commissioner found that McLees was disabled, and that his disability began on July 1, 2002. (Tr. 29-36.) McLees' disabling impairments were autistic disorder and attention deficit hyperactivity disorder ("ADHD"). (Tr. 24.) He was appointed a representative payee—his father, Lawrence C. McLees—due to his mental impairments. (Tr. 29-36.)

McLees returned to work in October 2003. (Tr. 185, 852) He began performing substantial gainful activity in April 2004, and continued to perform substantial gainful activity through March 2009. *Id.*

On April 3, 2018, an Administrative Law Judge ("ALJ") found that McLees was

1

overpaid $27,057.50 in Disability Insurance Benefits from August 2005 to March 2009, and was overpaid $465 in Disabled Child's Insurance Benefits in 2004. (Tr. 26.) He further found that McLees was without fault with respect to the overpayments, but recovery of the overpayments would not defeat the purpose of Title II if recovery is by adjustment of his monthly benefit. (Tr. 26.) In addition, the ALJ determined that recovery of the overpayments from McLees would not be against equity and good conscience. (Tr. 27.) The ALJ found that McLees' representative payee used the overpayments in question for the benefit of McLees, but the representative payee was not without fault for the overpayments. (Tr. 28.) The ALJ concluded that neither McLees nor his representative payee were entitled to a wavier of the overpayment. (Tr. 28.)

    The ALJ's final decision reads as follows:

> A recovery of the $27,057.50 overpayment in disability insurance benefits which the beneficiary received during the August 2005 to March 2009 period, and of the $465.00 overpayment in disabled child's insurance benefits he received in 2004, shall not be waived for the beneficiary, but recovery shall be by adjustment of the beneficiary's monthly benefit. Furthermore, a recovery of the $27,057.50 overpayment in disability insurance benefits which the beneficiary received during the August 2005 to March 2009 period, and of the $465.00 overpayment in disabled child's insurance benefits he received in 2004, shall not be waived for the representative payee.

*Id.*

    McLees then filed a request for review of the ALJ=s decision with the Appeals Council of the SSA. The Appeals Council found that the amount of the overpayment was actually $22,420.10, and corrected that portion of the ALJ's findings. (Tr. 12.) The Appeals Council adopted the ALJ's other findings. (Tr. 13.) The final decision reads as follows:

> It is the decision of the Appeals Council that recovery of the $22,420.10

> remaining overpayment in disability insurance benefits and $465.00 overpayment in disabled adult child's benefits is not waived. The representative payee was not without fault in causing it, and although the claimant was without fault in causing it, recovery would not defeat the purpose of Title II of the Social Security Act or be against equity and good conscience. Therefore, both the claimant and his representative payee are jointly and severally liable to repay the overpayments. The decision of the Administrative Law Judge is hereby modified.
>
> The effectuating component will provide the claimant and his representative payee with information concerning the current remaining balance of both overpayments.

(Tr. 13.) Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

In the instant action, McLees argues in his *pro se* Brief that he should not be liable for the overpayment because the SSA was negligent in overpaying him for such a long period. (Doc. 14 at p. 1.) McLees also disputes the ALJ's findings regarding McLees' monthly income and expenses. *Id.* Finally, McLees argues that his father, as his representative payee, should not be liable for the overpayment because he does not understand Social Security rules.

## II. Applicable Law

### III.A. Standard of Review

The Commissioner's decision with respect to recovery of an overpayment must be affirmed if it is supported by substantial evidence on the record as a whole, and complies with the relevant legal requirements. *Coulston v. Apfel*, 224 F.3d 897, 901 (8th Cir. 2000). "The Court will affirm the Commissioner's [overpayment] decision as long as there is substantial evidence in the record to support his findings, regardless of whether substantial evidence exists to support a different conclusion." *Watts v. Astrue*, No. 4:09–CV–1753 CAS, 2011 WL 1060947, at *2 (E.D. Mo. Mar. 21, 2011). "Substantial evidence is less than a preponderance of

3

the evidence, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Jefferson v. Colvin*, No. 1:15–CV–97 CAS/ACL, 2016 WL 5402993, at *14 (E.D. Mo. Sept. 28, 2016) (citation omitted).

### III.B. Overpayment and Waiver

Section 404 of the Social Security Act sets forth the procedures for recovery of an overpayment of benefits. This section provides, in relevant part that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1). "[T]he Commissioner bears the burden of proving the fact and amount of overpayment." *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000). The party seeking a waiver bears the burden of proving he was without fault. *McCarthy*, 221 F.3d at 1126.

### III. Discussion

The issue before the Court is whether substantial evidence supports the ALJ's decision that McLees was overpaid disability insurance benefits in the amount of $22,420.10 and disabled child's insurance benefits in the amount of $465; and if so, whether McLees qualifies for waiver of the overpayment.

**A.      Overpayment**

An overpayment occurs when "an individual receives more ... than the correct payment due under title II of the Act." 20 C.F.R. § 404.501.

4

The ALJ determined that McLees had engaged in substantial gainful activity in March 2005, and from August 2005 through March 2009. (Tr. 25.) This finding is supported by the record. McLees returned to work in October 2003. (Tr. 25, 185-86.) He exhausted his trial work period in December 2004, because his monthly earnings exceeded $580 during the April 2004 to December 2004 period. (Tr. 25, 289.) McLees' 36-month extended period of eligibility therefore began in January 2005 and continued through December 2007. (Tr. 25, 290.) *See* 20 C.F.R. § 404.1592a.

The ALJ found McLees was overpaid $27,057.50 in DIB during the August 2005 to March 2009 period, and was overpaid $465 in disabled child's insurance benefits in 2004. (Tr. 26.) McLees disputes that he was overpaid a total of $27.057.50. (Doc. 14 at p. 4.) As previously discussed, the Appeals Council reviewed the ALJ's decision and found that the overpayment amount was actually $22,420.10. (Tr. 12.) The Appeals Council corrected this portion of the ALJ's decision. *Id.* McLees does not dispute this determination.

Thus, the undersigned finds that the ALJ's determination that McLees was overpaid in the amount of $22,420.10 in DIB and $465 in disabled child's insurance benefits is supported by substantial evidence.

**B.     Waiver**

The Social Security Act generally requires the Commissioner to recover an overpayment. 42 U.S.C. § 404(a)(1)(A). However, the statute explains that "there shall be no ... recovery ... from, any person who is without fault if such ... recovery would defeat the purpose of this [Act] or would be against equity and good conscience." 42 U.S.C. § 404(b). The overpaid claimant

5

has the burden of proving entitlement to a waiver of overpayment. *Coulston v. Apfel,* 224 F.3d 897, 900 (8th Cir. 2000).

### 1. Fault

McLees contends that neither he nor his representative payee were at fault but, instead, the SSA was at fault for failing to discover its error in a timely manner.

To determine whether a claimant is at fault, "the SSA will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations ... the individual has." 20 C.F.R. § 404.507. The claimant is at fault when the incorrect payment resulted from:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have expected to know was incorrect.

*Id.* Fault by the SSA does not relieve the overpaid claimant from proving that he is without fault. 20 C.F.R. § 404.507.

The ALJ properly found that McLees was without fault for the overpayment because, "as his designation of a representative payee throughout the period in question indicates, he lacked the mental capacity to manage his finances." (Tr. 26.)

The ALJ next discussed whether McLees' representative payee ("RP") was at fault for the overpayment. Under Social Security Ruling ("SSR") 64-7, a RP is jointly and individually liable for an overpayment if the RP received the overpayment benefits on behalf of a beneficiary.

The RP is not liable if he used the amounts for the benefit of the beneficiary and he was without fault with regard to the overpayment. The ALJ found that there was no evidence showing the RP did not use the benefits in a way that did not benefit McLees. (Tr. 27.) In fact, the RP testified that he never expended any of the benefits, but instead gave the checks directly to McLees. (Tr. 27, 959.)

The ALJ found that McLees' RP was not without fault because he failed to furnish the SSA information that he knew or should have known to be material. (Tr. 27.) Specifically, the ALJ stated that the RP failed to furnish the SSA information on McLees' earnings for the August 2005 to March 2009 period in a timely manner. *Id.* The RP was repeatedly informed by the SSA of his obligation to notify the SSA of any work activity performed by McLees. (Tr. 30, 34, 87, 90, 101, 121, 123,.) The ALJ stated that the record shows that the RP did not submit McLees' pay stubs from Lucas Careers, Inc., until March 5, 2009. (Tr. 27, 178-85.) When questioned at the hearing regarding how often he reported McLees' earnings during the relevant period, the RP testified "as often as [the SSA] asked." (Tr. 27, 971.) The RP further testified that the SSA asked "maybe every two or three months or once a year or something like that." (Tr. 27, 972.) The ALJ stated that the RP's testimony implied that he informed the SSA about McLees' earnings once during the period in question, as the SSA typically only asks about work when it conducts a continuing disability review every three years. (Tr. 27.)

In determining the RP's fault, the ALJ considered the RP's characteristics. The ALJ stated that there was nothing in the record to show that the RP's age, intelligence, physical or mental condition, or educational ability would have precluded him from understanding and carrying out his obligation to report McLees' earnings during the relevant time. (Tr. 27.) The

7

ALJ stated that the evidence shows the contrary, because correspondence the RP submitted in connection with this case indicates he has a good intellect, a good mental capacity, is educated, and is literate. *Id.* Finally, the ALJ stated that the RP's previous testimony revealed that he knew of the materiality of McLees' earnings, as he stated that he instructed staff at Lucas Careers, Inc., to limit McLees' work schedule so that substantial gainful activity was not performed. (Tr. 27, 838.)

The evidence cited by the ALJ supports his finding that the RP did not adequately keep the SSA apprised of changes in McLees' earnings. The undersigned's review of the RP's testimony at the administrative hearings, as well as his written communication in connection with this matter, demonstrate he is intelligent and a strong advocate for his son. The ALJ properly considered the evidence of record, reached a reasoned decision that was supported by substantial evidence, explained the rationale for his decision, and properly determined that the RP was "not without fault" in causing the overpayment. Although McLees argues that the SSA was at fault in failing to correct the overpayment sooner, fault by the SSA does not relieve the overpaid claimant from proving that he is without fault. *See* 20 C.F.R. § 404.507.

Because "fault" is a threshold issue, the ALJ in the instant action did not need to proceed and determine whether recovery of the overpayment from the RP would defeat the purpose of Title II or would be against equity and good conscience. *See* 42 U.S.C. § 404(b); *Watson v. Sullivan,* 940 F.2d 168, 171 (6th Cir. 1991). McLees' argument that his RP does not have the funds to repay the overpayment is therefore moot.

    **2.**    **Purpose of Title II and Equity**

The Court next considers whether recovery from McLees, who was found to be without fault, would defeat the purposes of the Act or be against equity and good conscience.

"Defeating the purpose of Title II means depriving "a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). Recovery of an overpayment "will defeat the purposes of Title II in (but is not limited to) situations where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b); *see also id.* § 404.508(a) (explaining that "[t]his depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs").

McLees completed a form setting out his income and expenses on February 1, 2018. (Tr. 913-21.) McLees reported a total monthly income of $2,360, of which $1034 was his disability benefit. (Tr. 918.) He reported total monthly household expenses in the amount of $2182. (Tr. 919.) This amount included his rent, food, utilities, clothing, internet, taxes, insurance, car expenses, shopping, and medical expenses. *Id.* McLees' monthly income was therefore greater than his monthly expenses by $153. *Id.* The ALJ found that withholding McLees' full benefit each month would defeat the purpose of Title II. *Id.* As a result, the ALJ concluded that recovery should be by an adjustment of McLees' monthly benefit. *Id.*

The Regulations regarding recoupment of overpayments provide as follows:

> Where it is determined that withholding the full amount each month would "defeat the purpose of title II," i.e., deprive the person of income required for ordinary and necessary living expenses * * *, adjustment under paragraphs (a) and (b) of this section may be effected *by withholding an amount of not less than $10 of the monthly benefit payable to an individual.*

9

20 C.F.R. § 404.502(c)(1) (emphasis added).

McLees argues that he was "a little off" when he filled out his income and expenses form, and that he does not have $153 left over at the end of each month. (Doc. 14 at p. 1.) He also contends that the ALJ improperly included money his father gives him each month in his total income. *Id.*

The Court finds that the ALJ's determination that recovery of the overpayment from McLees would not defeat the purpose of Title II is supported by the record. McLees reported on his income form that his father provides him $300 each month. (Tr. 918.) At the hearing, McLees' father confirmed that he contributed $300 a month to McLees' various expenses. (Tr. 970.) He explained that these funds help pay McLees' rent, property taxes, sewer, health insurance, car maintenance, and medical expenses. *Id.* In determining whether recovery would defeat the purpose of Title II, the SSA "may look to the individual's financial resources in addition to her or his income." *Valley v. Commissioner of Social Security,* 427 F.3d 388, 391 (6th Cir. 2005), *citing* 20 C.F.R. § 404.508(a). The form that McLees completed accurately revealed all of his sources of income. As such, the ALJ did not err in his calculation of McLees' monthly income and expenses.

The ALJ acknowledged that withholding the full amount of McLees' benefits would defeat the purpose of Title II. Consequently, he determined that the overpayment should be recouped by withholding an amount not less than $10 of McLees' monthly benefit. McLees indicates that the SSA has been withholding $45 a month of his SSDI payment to recover the overpayment. (Doc. 2, Doc. 14 at p. 1.) McLees' account of his income and expenses reveals that he is still able to provide for his necessary and ordinary living expenses when this small

portion of his monthly SSDI benefit is withheld. Thus, the Court finds that recovery of the overpayment in this manner does not defeat the purpose of Title II.

Finally, the Regulations provide that recovery of an overpayment is against equity and good conscience where the individual "changed his or her position for the worse ... or relinquished a valuable right ... because of reliance upon a notice that a payment would be made or because of the overpayment itself...." 20 C.F.R. § 404.509(a)(1). The claimant's individual financial circumstances, however, "are not material to a finding of *against equity and good conscience*." 20 C.F.R. § 404.509(b).

The ALJ determined that recovery of the overpayment would not be against equity and good conscience, because McLees did not change his position for the worse or relinquish a valuable right due to the overpayment. (Tr. 26.) This finding is supported by the record. McLees argues generally that recovery of the overpayment would be inequitable, but he does not contend that he changed his position for the worse or relinquished a valuable right as a result.

In sum, although McLees is not at fault for the overpayment, substantial evidence supports the Commissioner's conclusion that he has not met *the additional requirements* necessary to support a waiver. *See Rodysill v. Colvin*, 745 F.3d 947, 952 (8th Cir. 2014) ("[M]erely being without fault ... does not render recovery of the overpayment against equity and good conscience."); *Coulston v. Apfel*, 224 F.3d 897, 900-01 (8th Cir. 2000) ("Our finding that [the plaintiff] was without fault does not automatically result in a victory for him. We must also determine whether repayment would defeat the purpose of providing social security to [him] or would be against equity or good conscience.").

## **Conclusion**

Substantial evidence in the record as a whole supports the decision of the ALJ that the overpayment should not be waived for McLees or his representative payee. Accordingly, Judgment will be entered separately in favor of Defendant in accordance with this Memorandum.

Dated this 30th day of March, 2020.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE